[Civ. No. 16327.   Second Dist., Div. One.   Sept. 13, 1948.]

EDWARD J. O'LAVERTY, as Special Administrator, etc., Respondent, v. JESSIE O'LAVERTY, Appellant.

Jesse Bach Porter for Appellant.

Gregory M. Creutz for Respondent.

DORAN, J.—This is an appeal from the judgment. The action is for declaratory relief to quiet title and for an account-

ing. The court found for plaintiff and defendant appeals.

The record reveals that appellant and respondent were married in 1922; at that time defendant Jessie O'Laverty was 35 years old and plaintiff and respondent David O'Laverty was 67. At the time of trial of the within action David O'Laverty was 92. When the parties were married and thereafter, plaintiff was retired and living on a pension. From 1922 until about 1930, they lived together. In 1930, David O'Laverty completed a new house at another address and as recited in respondent's brief, ''requested his wife Jessie O'Laverty to move with him into said new home from 144 Venice Boulevard, but his wife Jessie O'Laverty then and thereafter failed and refused and continued to fail and refuse to move into the new home in Inglewood and continued ever after to stay and live at 144 Venice Boulevard, and that Jessie O'Laverty remained at 144 Venice Boulevard while David O'Laverty early in 1930 moved into and occupied said home in Inglewood. . . .'' About 1930, David O'Laverty went to Oregon and remained there for several years. As pointed out by the respondent, ''There was no evidence that when defendant refused to go with David O'Laverty and live with him in the new home in Inglewood, or at any time thereafter, that David O'Laverty agreed to support defendant living separate and apart from him.''

While David O'Laverty was living in Oregon, Jessie O'Laverty defaulted in certain rental payments as a result of which one Katherine C. Carr, the landlord, obtained a judgment against Jessie O'Laverty and David O'Laverty who at that time was still living in Oregon and had been declared an incompetent. A couple of years later David O'Laverty's property was sold by the marshal to Katherine C. Carr to satisfy said judgment. The proceedings herein were commenced years later when the foregoing situation was discovered.

It would serve no useful purpose to recite the findings which on all issues were for plaintiff David O'Laverty. It is sufficient to note that in a memorandum decision the trial court observed that the real property involved in the action ''was obtained by defendant, Jessie O'Laverty, by fraud and through a fraudulent scheme, plan and device on the part of said Jessie O'Laverty to deprive, and with intent to deprive, said David O'Laverty of the title to said real property.''

The findings are supported by the evidence. The appeal is without merit.

The judgment is affirmed.

York, P. J., and White, J., concurred.